**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT MESTAS,

        Plaintiff,

v.

CHW GROUP INC. dba CHOICE HOME WARRANTY, VICTOR MANDALAWI, and Jane Does 1-10,

        Defendants.

Case No.: 1:19-cv-00792-MV-CG

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO TEMPORARILY STAY DISCOVERY AND TO STAY ALL SCHEDULING ORDER DEADLINES**

Defendants CHW Group, Inc., d.b.a. Choice Home Warranty, and Victory Mandalawi (the "CHW Defendants") respectfully submit this reply in support of their "Motion for Protective Order to Temporarily Stay Discovery and to Stay All Scheduling Order Deadlines Pending Ruling on Defendants' Motion to Dismiss" (Dkt. 11, "Motion to Stay"), and state as follows:

**INTRODUCTION**

In his Response to the Motion to Stay (Dkt. 17, "Response" or "Response"), Plaintiff does not purport to dispute that it is exceedingly common for district courts in the Tenth Circuit to exercise their broad discretion to enter protective orders under Rule 26(c) staying discovery during the pendency of a dispositive motion for the sake of judicial and party economy. Nor does Plaintiff attempt to address, let alone refute, any of the authorities presented by the CHW Defendants or to offer any contrary authority in this regard. Instead, Plaintiff mostly just repeats the same flawed arguments from his opposition to the CHW Defendants' pending Motion to

1

Dismiss Plaintiff's First Amended Complaint (Dkt. 10, "Motion to Dismiss") that this Court and many others have already rejected in other cases. Plaintiff also misrepresents the state of discovery in this case, as well as misstates and misconstrues the CHW Defendants' briefs and the few authorities that he cites in his Response, including in particular the pleadings filed and this Court's rulings in the *Agentra* and *Chartrand* cases. Even worse, Plaintiff completely ignores the fact that Judge Vázquez dismissed a starkly similar, if not virtually identical, amended TCPA complaint involving one alleged "direct transfer" that was filed by Plaintiff's counsel on his own behalf in another case (*Childress v. Liberty Mutual*) just last year at the pleadings stage and with prejudice. This fact alone demonstrates why a discovery stay should be entered in this case.

All told, it is readily apparent that Plaintiff's Complaint is ripe for dismissal and, therefore, there is no reason why the parties should proceed with costly and likely wasteful discovery now while the Court decides the CHW Defendants' Motion to Dismiss. Thus, for the reasons stated therein and the additional reasons below, the Motion to Stay should be granted.

### ARGUMENT

The mostly-rehashed arguments in the Response are unavailing for several reasons:

***First***, Plaintiff's representations that (i) "the parties have in fact had for the most part the 'meet and confer' required by the Court's Initial Scheduling Order" and (ii) "the only part of the 'meet and confer' not completed is the parties have not formulated a provisional discovery plan" (Resp. at 1) are false. In reality, on October 18, 2019—i.e., three days after the Motion to Dismiss and the Motion to Stay were filed—Plaintiff's counsel unilaterally sent the CHW Defendants' counsel a draft Joint Status Report. *See* Heeringa Declaration ("Heeringa Decl.") at ¶ 5 & Exhibits ("Ex.") A and B attached thereto. Yet the parties have not discussed that draft

report in any fashion, nor have they conducted a Rule 26(f) conference, compiled with the other requirements in the Court's Initial Scheduling Order in that regard, or otherwise discussed discovery (that is, beyond seeking Plaintiff's concurrence to the Motion to Stay, which Plaintiff's counsel ignored) to date. *Id*. ¶¶ 4-9. In short, there has been zero progress towards discovery in this case, and Plaintiff's attempt to revise history and suggest otherwise should be rejected.

***Second***, Plaintiff's assertion that the Motion to Dismiss "seeks dismissal on jurisdictional grounds of only <u>one</u> defendant (Mr. Mandalawi)" (Resp. at 1, emphasis supplied) is demonstrably incorrect.[1] The CHW Defendants seek dismissal under Rule 12(b)(2) for lack of personal jurisdiction over Mr. Mandalawi, **as well as under Rule 12(b)(1) for lack of subject matter jurisdiction as to both CHW Defendants**. *See* Dkt. 10 at 1-2, 9, 26-27. Moreover, Plaintiff fails to acknowledge the *Barker* case cited in the Motion to Dismiss—a case brought by the same attorney representing Plaintiff in the case at bar for another client using a starkly similar complaint as was filed here—that was dismissed just a few months ago by Judge Gonzales at the pleadings stage on Rule 12(b)(1) and 12(b)(6) grounds. *Id*. at 14, 15, 26. A discovery stay is therefore clearly proper here. *See, e.g., Roybal v. U.S.*, 2014 WL 12617288, at *1 (D.N.M. Apr. 9, 2014) (granting stay during pendency of 12(b)(1) motion because basis for it was "colorable").

***Third***, Plaintiff's heavy reliance on *Agentra* and *Chartrand* (*see* Resp. at 3-4) is misplaced. Though the CHW Defendants will address the many ways those cases are distinguishable (and thus inapposite) from this case in their forthcoming reply in support of their

---

[1] Plaintiff's suggestion the CHW Defendants seek dismissal for lack of personal jurisdiction over Mr. Mandalawi only "by arguing lack of vicarious liability" (*id.* at 1) is also demonstrably inaccurate. *See* Dkt. 10 at 6-7, 9-11 & fn. 5 (discussing personal jurisdiction). The CHW Defendants will address this in their forthcoming reply in support of their Motion to Dismiss.

3

Motion to Dismiss, suffice it to say for present purposes that: (i) neither case involved a single alleged "direct transfer" to the defendant, like *Liberty Mutual* or this case; (ii) the New Mexico Unfair Practices Act ("UPA") claims in each also differed markedly from what Plaintiff alleges here; (iii) both involved alleged prerecorded/artificial voice messages in addition to autodialer ("ATDS") use, unlike this case; (iv) the Court in *Agentra* did not hold the defendants were vicariously liable as Plaintiff appears to suggest, nor did it consider the fact that Section 227(c) of the TCPA also do not apply to cell phones or that other New Mexico statutes differentiate between residential and cellular phones when ruling on the UPA claim, as discussed below and in the Motion to Dismiss; and (v) *Chartrand* did not even involve vicarious liability. *See generally Agentra*, 2019 WL 2583840 (D.N.M. Jun. 24, 2019) and *Chartrand*, 2019 WL 719762 (D.M.N. Feb. 20. 2019). *See also* Heeringa Decl. ¶¶ 10-11 & Exs. C (Agentra Complaint) and D (Chartrand Complaint). Thus, *Agentra* and *Chartrand* do not help Plaintiff survive dismissal and, as such, do not support his arguments in favor of proceeding with discovery.

*Fourth*, Plaintiff's position that "the issue of vicarious or agency liability is a fact-intensive issue uniquely unsuited for decision at the motion to dismiss stage of this matter, and even at the summary judgment stage" (Resp. at 1-2) is also incorrect and contrary to the law. Indeed, countless federal courts—including this Court—have dismissed similar TCPA claims premised on vicarious liability **at the pleadings stage** where, as here, plaintiffs have failed to plead facts supporting an agency relationship with or control over an alleged agent. *See* Dkt. 10 at 14-15 & fn. 7 (citing various cases). One such case is the *Barker* matter, discussed above. *See also* Dkt. 10-2 (Barker Complaint). Another is *Liberty Mutual*, in which Judge Vázquez dismissed a starkly similar TCPA amended complaint, filed by the same attorney representing

Plaintiff here, **with prejudice** under Rule 12(b)(6) because the only alleged "link" between the third party caller and the defendant there was one call was "transferred" by the initial caller to "[d]efendant's inhouse telemarketer." Dkt. 10 at 15 (quoting 2018 WL 4684209, at *4); *see also* Dkt 10-1 (Liberty Mutual Complaint). Like the plaintiff in *Liberty Mutual*, Plaintiff in this case concedes that his vicarious liability theory rests entirely on one alleged "direct transfer of Plaintiff by the initial unlawful robocaller directly into defendants' in-house call center." Resp. at 2. Plaintiff's failure to even mention or refute these on-point authorities in his Response or in his opposition to the Motion to Dismiss is telling, as it belies his arguments against a stay.[2]

*Fifth*, Plaintiff disputes "whether Section 22 of the New Mexico UPA" or Section 227(c) of the TCPA "protect[] cell phone users in addition to users of landlines" as the CHW Defendants argued. Resp. at 3. As shown their Motion to Dismiss, however, the plain language of those statutes and applicable case law supports this argument. *See* Dkt. 10 at 18-21. *See also Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *8–9 (N.D. Cal. Feb. 24, 2017) (noting 47 U.S.C. § 227(c)(5) "applies to TCPA violations based on calls

---

[2] Plaintiff's Response misconstrues his other cited authorities. For example, in *Kristensen v. Credit Payment Services* (*see* Resp. at 3), the district court: (i) initially denied the Rule 12 motion, *see* 12 F. Supp. 3d 1292, 1301-02 (D. Nev. 2014); (ii) only to grant summary judgment on vicarious liability and other grounds a year later, *see* 2015 WL 4477425, at *1-7 (D. Nev. Jul. 20, 2015); and (iii) was recently affirmed by the Ninth Circuit, *see* 879 F.3d 1010, 1014-15 (2018). In short, *Kristensen* actually supports the CHW Defendants, not Plaintiff. Further, Plaintiff's Response ignores the fact that the holding in *Charvat v. Allstate* (*see* Resp. at 3), stands in stark contrast to numerous other, more recent opinions from the same district court and others, as well as opinions from this Court (i.e., *Liberty Mutual* and *Barker*), dismissing TCPA claims based on alleged vicarious liability at the pleadings stage. *See* Dkt. 5 at 12-15 & fn. 7 & (citing various cases). Plaintiff likewise ignores the *Deering* and *Arnold* cases cited in the Motion to Dismiss, both of which were also brought by the same attorney representing Plaintiff in the case at bar and were also dismissed by this Court at the pleadings stage for lack of personal jurisdiction under Rule 12(b)(2). *See* Dkt. 10 at 9-10. These omissions are also telling.

made to residential telephone subscribers, not cellular telephones"). And those claims still fail in several other ways regardless of whether the statutes apply to cell phones, including but not limited to Plaintiff's failure to plead facts supporting vicarious liability. *See* Dkt. 10 at 18-21.

**Sixth**, Plaintiff proffers that his ATDS allegations may survive dismissal because, according to him, the "Amended Complaint repeatedly describe[s] calls that had characteristics of automated calls, including 'dead air' and generic or standardized content." Resp. at 4. However, not only have courts repeatedly rejected such bald and conclusory allegations, but many have also recently recognized that, to qualify as an ATDS under the TCPA, the device or dialing system used to make the calls at issue must have the "present" (as opposed to potential) capacity to generate and dial "random or sequential" telephone numbers and, thus, have routinely dismissed complaints like Plaintiff's omitting such allegations. *See* Dkt. 10 at 16-17 (citing cases). Plaintiff also does not explain why the Court should view his ATDS allegations in this case as "unique" rather than for what they truly are—recycled allegations from similar cookie-cutter TCPA complaints filed by his attorney in many other cases. *Id.* at 17-18 (citing *Lowe* and *Ridge*). Plaintiff's Response and his opposition to the Motion to Dismiss ignore this, as well.

**Seventh**, Plaintiff's argument that "[t]he Court should allow some limited discovery while Defendants' [M]otion to [D]ismiss is pending" (Resp. at 4), like all his other arguments, is contrary to well-established federal law. As one district judge aptly held in a similar TCPA case:

> "As master of his Complaint, it is [Plaintiff]'s burden to state the facts within his knowledge that, taken as true, constitute a violation or violations of law. [Plaintiff] possesses knowledge as to each and every telephone call he [allegedly] received from [the Defendant] and is perfectly capable of pleading facts to indicate to the Court that those calls violated the TCPA. As [Plaintiff] failed to plead these facts, his Complaint must be dismissed pursuant to Rule 12(b)(6)."

*Hyatt v. J.B. Hunt Transp. Servs., Inc.,* 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015);

*see also Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing TCPA case on vicarious liability grounds under Rule 12(b)(6), holding that "allowing discovery where Plaintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–86 (2009) (explaining that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and reversing decision allowing even "minimally intrusive discovery" because complaint was deficient under Rule 8). Put more simply, "**[w]hen a complaint is insufficient to state a claim, the plaintiff is not entitled to discovery**." *Gutierrez v. Cobos*, 2014 WL 12684475, at *31 (D.N.M. Sept. 23, 2014) (emphasis added, citing *Iqbal*). This Court should rule similarly here.

*Eighth*, Plaintiff posits that he would be prejudiced by a discovery stay based only on his vague and generalized speculation that (i) "the actual robocallers in this case (the Jane Doe defendants) that CHW and Mandalawi hired are *quite likely* overseas and *will be* difficult to obtain discovery from in any event" and (ii) "[e]vidence is *likely* to be spoliated" by those unidentified, hypothetical third parties in the future. Resp. at 2 (emphasis added). "However, aside from Plaintiff's conclusory assertions, nothing indicates that these unidentified witnesses or other relevant evidence are at risk of loss or spoliation" and, thus, Plaintiff's assertions of prejudice fall flat. *Burke v. Alta Colleges, Inc.*, 2012 WL 502271, at *2 (D. Colo. Feb. 15, 2012) (granting motion to stay where "[p]laintiff ha[d] identified no non-speculative prejudicial impact which would result from waiting up to five months to proceed with discovery"). *See also C.R. Bard, Inc. v. Med. Components, Inc.,* 2012 WL 6574663, at *2 (D. Utah Dec. 17, 2012) ("This case is still in the very early stages of discovery. The Court has set no trial dates. The early stage of the litigation favors granting the stay."); *PersonalWeb Techs., LLC v. Facebook, Inc.*, 2014

WL 116340, at *5 (N.D. Cal. Jan. 13, 2014) ("Courts have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice.") (citations omitted).

*Finally*, it is axiomatic that "when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Federated Mut. Ins. Co. v. Ever-Ready Oil Co.*, 2012 WL 11945481, at *4 (D.N.M. Mar. 9, 2012).  That is precisely what Plaintiff has done, as noticeably absent from his opposition brief is any legal argument or authority refuting the CHW Defendants' arguments on several dispositive issues and, instead, he just restates the allegations in his pleading while proclaiming they are sufficiently "detailed."  *See generally* Dkt 12.[3]  But "[s]imply stating that [his] complaint is 'specific and detailed' and restating its exact language [like Plaintiff does here] is insufficient to meet the applicable pleading standards." *Freidman v. Massage Envy Franchising, LCC*, 2013 WL 3026641, at *3 (S.D. Cal. June 13, 2013).   Thus, a dismissal is not only possible but is also highly probable here, which further supports a stay.

WHEREFORE, for all the reasons stated in the Motion to Stay and the additional reasons above, the CHW Defendants respectfully request that the Court enter an order (i) temporarily staying all discovery and (ii) vacating all discovery-related deadlines in this case, until after the Court rules on the Motion to Dismiss, along with granting all other just and proper relief.

---

[3] For example, the CHW Defendants argue: (i) Plaintiff's UPA claim—which is based solely on alleged violations of the Telemarketing Sales Rule (or "TSR")—fails because he does not allege $50,000 or more in actual damages, exclusive of punitive damages, as required to state a TSR claim; (ii) he has not alleged a meeting of the minds or concerted action in support of his civil conspiracy claims; and (iii) civil conspiracy claims based on fraud, like Plaintiff's, must be plead with particularity under Rule 9(b).  *See* Dkt. 10 at 23-26.  Plaintiff does not address these and other dispositive arguments made by the CHW Defendants in opposing the Motion to Dismiss and, therefore, has conceded them.

Dated: October 23, 2019          Respectfully Submitted,

By: <ins>/s/ A. Paul Heeringa</ins>

A. Paul Heeringa
MANATT, PHELPS & PHILLIPS, LLP
151 North Franklin Street, Suite 2600
Chicago, IL 60606
Telephone: 312-529-6308
Facsimile: 312-529-6315
pheeringa@manatt.com

***Counsel for Defendants CHW Group, Inc. and Victor Mandalawi***

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of October, 2019, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record.

By: /s/ A. Paul Heeringa

325338786.2