IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT MESTAS,

    Plaintiff,

v.                                                                               No. CV 19-792 MV/CG

CHW GROUP INC., et al.,

    Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** is before the Court on Defendants CHW Group Inc. and Victor Mandalawi's *Motion for Protective Order to Temporarily Stay Discovery and to Stay all Scheduling Order Deadlines Pending Ruling on Defendants' Motion to Dismiss* (the "Motion to Stay Discovery"), (Doc. 11), filed October 15, 2019; Plaintiff Robert Mestas' *Response to Motion to Temporarily Stay Discovery and Initial Order Deadlines* (the "Response"), (Doc. 17), filed October 21, 2019; and Defendants' *Reply in Support of Motion for Protective Order to Temporarily Stay Discovery and to Stay all Scheduling Order Deadlines* (the "Reply"), (Doc. 19), filed October 23, 2019.

In their Motion to Stay Discovery, Defendants request a temporary stay of discovery pending the resolution of their *Joint Motion to Dismiss Plaintiff's Amended Complaint* (the "Motion to Dismiss"), (Doc. 10), filed October 15, 2019. (Doc. 11 at 1). In support of their Motion to Stay Discovery, Defendants explain their Motion to Dismiss will likely dispose of Plaintiff's entire case. *Id.* at 5. Indeed, four "starkly similar, if not virtually identical" complaints have been filed in this District, all of which have been dismissed for failure to state a claim, lack of personal or subject matter jurisdiction, or lack of Article III standing. *See id.* (citing *Arnold v. BPCL Management LLC.*, 2017 WL

3534996 (D.N.M. Aug. 8, 2017) (unpublished) (Parker, J.); *Childress v. Liberty Mutual Insurance Co.*, 2018 WL 4684209 (D.N.M. Sept. 28, 2018) (unpublished) (Vazquez, J.); *Childress v. Deering*, 2019 WL 409825 (D.N.M. Jan. 29, 2019) (unpublished) (Fashing, J.); *Barker v. Sunrun Inc.*, 2019 WL 1983291 (D.N.M. Apr. 29, 2019) (unpublished) (Gonzales, J.)). As a result, Defendants contend it would be "unduly burdensome" to proceed with discovery and "an inefficient use [] of party and judicial resources" when Plaintiff's Amended Complaint, not unlike its four predecessor complaints, likely fails on the merits. (Doc. 11 at 5).

In his Response, Plaintiff argues Defendants' Motion to Dismiss seeks dismissal of only one Defendant and it is unlikely to be granted because Plaintiff's Amended Complaint is "well-pled." (Doc. 17 at 1-2). In addition, Plaintiff contends he will be prejudiced as a result of the delay associated with a stay of discovery and evidence from foreign Defendants may be spoliated if litigation fails to timely proceed. *Id.* at 2. Lastly, Plaintiff argues his current Amended Complaint is meritorious, and in an effort to mitigate any potential harm to Defendants, he agrees to a limited scope of discovery while the Motion to Dismiss remains pending. *Id.* at 4.

"Whether to issue a stay of discovery depends greatly on the facts and progress of each case." *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1090 (D.N.M. 2015). In rendering a decision to stay proceedings, a court must "exercise [] judgment" and "weigh competing interests." *Roybal v. United States*, 2014 WL 12617288, at *1 (D.N.M. April 9, 2014) (unpublished) (Wormuth, J.) (citing *Landis v. North America Co.*, 299 U.S. 248, 254-55 (1936)). In weighing competing interests, the court may consider factors such as: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the

2

defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Todd v. Montoya*, 2011 WL 13286329, at *6 (D.N.M. Jan. 18, 2011) (unpublished) (Browning, J.). Ultimately, the decision to issue a stay of discovery is within the broad discretion of the district court. *Martin*, 219 F. Supp. 3d at 1089.

Here, several facts weigh in favor of granting Defendants' Motion to Stay Discovery. Turning to the first factor, Plaintiff has failed to demonstrate any prejudice he may suffer if the Court stays discovery, other than his assertion that evidence "may" be spoliated and a "delay alone is prejudicial." (Doc. 17 at 2). Plaintiff's hypothetical prejudice, which he may suffer against unidentified Defendants, is insufficient to establish even a plausible showing of actual harm. *See Burke v. Alta Colleges, Inc.*, 2012 WL 502271, at *2 (D. Colo. Feb. 15, 2012) (unpublished) (finding that "plaintiff's conclusory assertions" concerning "unidentified witnesses" do not rise above a "non-speculative prejudicial impact that would result from … [staying] discovery").

With regard to the second factor, Defendants have filed a Motion to Dismiss that would dismiss "Plaintiff's entire Amended Complaint <u>with prejudice</u>." (Doc. 10 at 37) (emphasis in original). As a result, if Defendant's Motion to Dismiss is granted, it would obviate the need for any discovery. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (explaining that a stay of discovery is generally disfavored unless the case will likely be concluded as a result of the court's ruling on the pending dispositive motion). This is a particularly compelling factor here, where four other lawsuits have been filed involving Plaintiff's attorney with nearly identical allegations and each lawsuit was dismissed in the early stages of litigation.

Analyzing the third factor, the Court finds the interests in efficient management of litigation and the conservation of judicial resources support a stay of discovery in this matter. In reaching this conclusion, the Court has considered the four previous lawsuits Plaintiff's attorney has been involved in, each of which had discovery either completely halted upon the filing of the defendants' motion to dismiss or had discovery narrowly tailored pending dismissal of the case. *See Arnold v. BPCL Management LLC.*, 17-CV-685 JAP/KK, Doc. 23 at *2 (denying plaintiff's motion for subpoena for discovery, explaining "the court will not authorize plaintiff's fishing expedition"); *Childress v. Liberty Mutual Insurance Co.*, 17-CV-1051 MV/KBM, Doc. 12 (*sua sponte* finding good cause pursuant to Fed. R. Civ. P. 16(b)(2) to delay entering a scheduling order until resolution of the pending motion to dismiss); *Childress v. Deering*, 18-CV-455 LF/KBM, Doc. 7 (*sua sponte* finding good cause pursuant to Fed. R. Civ. P. 16(b)(2) to delay entering a scheduling order until resolution of the pending motion to dismiss); *Barker v. Sunrun Inc.*, 18-CV-855 KG/LF, Doc. 11 (*sua sponte* vacating the initial scheduling order upon receipt of defendants' motion to dismiss).

Finally, with regard to the fourth and fifth factors, the Court finds the public and the unnamed Defendants have a general interest in an efficient and just resolution of this case. However, the Court's timely resolution of Defendants' Motion to Dismiss will adequately serve this interest. Accordingly, having weighed the relevant factors, the Court will not permit discovery, even in a limited capacity, to proceed in this matter.

**IT IS THEREFORE ORDERED** that Defendants' *Motion for Protective Order to Temporarily Stay Discovery and to Stay all Scheduling Order Deadlines Pending Ruling on Defendants' Motion to Dismiss*, (Doc. 11), is hereby **GRANTED** and discovery in this matter is stayed pending resolution of the Defendants' Motion to Dismiss, (Doc. 10).

The Court will vacate the *Initial Scheduling Order*, (Doc. 7), including the Telephonic Rule 16 Scheduling Conference set for November 13, 2019, by separate order.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE